# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

PRATHEES MURUGESAPILLAI,

    Plaintiff,

v.

ANTELOPE VALLEY EMERGENCY MEDICAL ASSOCIATION (AVEMA), *et al.*,

    Defendants.

Case No: CV09-1514 R (Ex)

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

RE: Defendant United States of America's Motion for Summary Judgment

Hon. Manuel L. Real
United States District Judge

Defendant United States of America moved this Court for an order granting summary judgment as against Plaintiff Prathees Murugesapillai's fourth and fifth causes of action for "medical negligence and negligence" and "false imprisonment," respectively, as set forth in Plaintiff's Fourth Amended Complaint. The United States' motion came on regularly for hearing on May 2, 2011.

The Court, having now considered the parties' memoranda of points and authorities, the supporting declarations and evidence submitted therewith, as well as having considered all of the other pleadings, records, and documents on file in this action, hereby decrees that the following uncontroverted facts and conclusions of law have been established:

| **UNCONTROVERTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 1. On May 21, 2007, Plaintiff Prathees Murugesapillai, a Sri Lankan national, arrived by plane at the Los Angeles International Airport without a visa or other documentation permitting entry into the United States. | Declaration of Wesley Lee ("Lee Decl.") at ¶20<br><br>Exhibit C:<br>*Record of Deportable/Inadmissible Alien*<br><br>Exhibit D:<br>*Supervisor's Sworn Statement Recommendation* |
| 2. Consequently, officials from the U.S. Customs and Border Patrol ("CBP") denied Plaintiff entry into this country, detained him, and charged Plaintiff under sections 212(a)(7)(A)(i)(I) and 211(a) of the Immigration and Nationality Act ("INA"). CBP officials then placed Plaintiff in expedited removal proceedings pursuant to section | Lee Decl. at ¶20<br><br>Exhibit E:<br>*Notice and Order of Expedited Removal*<br><br>Exhibit F:<br>*Notice to Detain, Remove, or Present Alien* |

| | | |
|---|---|---|
| | 235(b)(1)(A)(i) of the INA, which permits the removal of arriving aliens charged under section 212(a)(7)(A)(i)(I) without further hearing or review. | Exhibit G:<br>*Notice to Appear* |
| 3. | Plaintiff applied for asylum under section 208 of the INA, withholding of removal under section 241(b)(3) of the INA, and protection under Article III of the Convention Against Torture, which, pursuant to section 235(b)(1)(A)(ii), halted his immediate removal. Accordingly, CBP officials detained Plaintiff pursuant to section 235(b)(1)(B)(iii)(IV) of the INA, which requires mandatory detention pending a final determination of credible fear of persecution | Lee Decl. at ¶20<br><br>Exhibit H:<br>*Application for Asylum and for Withholding of Removal* |
| 4. | Plaintiff was transported to and detained at the Mira Loma Detention Center, which is a facility owned and operated by the Los Angeles County Sheriff's Department ("Sherriff's Department"). | Exhibit G:<br>*Notice to Appear* |
| 5. | In 1997, ICE entered into a contract called an "Intergovernmental Service Agreement" with the Sherriff's Department to provide for the housing, security, custody, subsistence, and medical care of immigration detainees at the Mira Loma Detention Center. Under the contract, the Sherriff's Department | Lee Decl. at ¶¶8, 15<br><br>Exhibit A:<br>*Intergovernmental Service Agreement* |

3

| | | |
|---|---|---|
| | has sole control of the housing, security, custody, subsistence, and medical care of immigration detainees while they are detained at Mira Loma. | |
| 6. | There are no federal healthcare providers at the Mira Loma Detention Center and the federal government does not exercise any day-to-day control over the manner in which the Sherriff's Department provides medical care to detainees at the facility. | Lee Decl. at ¶¶17-18<br><br>Declaration of John Zuetel ("Zuetel Decl.") at ¶¶8-9<br><br>Exhibit A:<br>*Intergovernmental Service Agreement* |
| 7. | The ICE employees that work out of the Mira Loma Detention Center do not supervise the immigration detainees housed there and have no day-to-day control over the Sherriff's Department's operations at the facility. | Lee Decl. at ¶¶17-18<br><br>Zuetel Decl. at ¶¶8-9<br><br>Exhibit A:<br>*Intergovernmental Service Agreement* |
| 8. | The ICE employees that work at the Mira Loma Detention Center are responsible for processing immigration cases for the detainees housed at Mira Loma. They are also responsible for transporting detainees to and from the facility. However, once a detainee is processed into the Mira Loma Detention Center, the Sherriff's Department is solely responsible for the detainee's physical custody and care. | Lee Decl. at ¶¶2, 16<br><br>Zuetel Decl. at ¶2, 7<br><br>Exhibit A:<br>*Intergovernmental Service Agreement* |

| | | |
|---|---|---|
| 9. | On October 2, 2007, an immigration judge denied Plaintiff's request for asylum, but granted Plaintiff's request for withholding of removal under Article III of the Convention Against Torture. ICE appealed the CAT decision to the Board of Immigration Appeals ("BIA"). | Lee Decl. at ¶23<br><br>Exhibit I:<br>*Notice of Appeal from a Decision of an Immigration Judge* |
| 10. | On May 23, 2008, the BIA overturned Plaintiff's withholding of removal under the Convention Against Torture and, consequently, Plaintiff appealed to the Ninth Circuit Court of Appeals on June 4, 2008. Pursuant to Ninth Circuit General Order 6.4(c)(1)(3)(A), Plaintiff's removal was stayed as a result of his petition for review. On June 3, 2009, the Ninth Circuit remanded the case to the BIA pursuant to an agreement of both parties. On August 27, 2009, the BIA again denied Plaintiff relief under the Convention Against Torture. | Lee Decl. at ¶24<br><br>Exhibit J:<br>*Notice of Decision & Decision of the Board of Immigration Appeals*<br><br>Exhibit K:<br>*Docket Sheet, Ninth Circuit Court of Appeals* |
| 11. | At present, Plaintiff's petition for review before the Ninth Circuit remains pending. Thus, subsequent to the adjudication of the Plaintiff's application for withholding of removal, he has been under a final order of removal which was stayed pending review by the Ninth Circuit. ICE has been subject to a stay of removal almost continuously since | Lee Decl. at ¶25<br><br>Exhibit K:<br>*Docket Sheet, Ninth Circuit Court of Appeals* |

the issuance of the immigration judge's initial removal order in October 2007.

# **CONCLUSIONS OF LAW**

1. Plaintiff's "medical negligence and negligence" claim falls within the "independent contractor" exception to the Federal Tort Claims Act and, therefore, fails as a matter of law. 28 U.S.C. § 2671.

2. Plaintiff's "false imprisonment" claim falls within the parameters of 8 U.S.C. § 1252(g) and, therefore, the Court lacks subject matter jurisdiction over such a claim.

**IT IS SO ORDERED.**

**Dated this 9th day of the month of May 2011.**

_____
**THE HONORABLE MANUEL L. REAL**
**UNITED STATES DISTRICT JUDGE**